# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

-----------------------------------------------------------x
In re:                                                     :          Chapter 7
                                                           :
                                                           :          Case No.: 09-52039(AHWS)
     Steven P. Shappy,                                     :
         Debtor.                                           :
-----------------------------------------------------------x

APPEARANCES:

Matthew P. Woermer, Esq.                Attorney for Debtor Steven P. Shappy,
Bertini & Woermer, LLC
1037 Main Street
Watertown, CT 06795


Taryn D. Martin, Esq.                   Attorney for Creditor Kamco Supply
Law Office of Robert A. Ziegler         Corp. of New England
58 East Main Street
Plainville, CT 06062

## MEMORANDUM AND ORDER ON CREDITOR'S MOTION TO EXTEND TIME TO FILE AN OBJECTION TO DISCHARGE AND DISCHARGEABILITY OF DEBT

On October 13, 2009, the debtor filed a voluntary chapter 7 petition. On that date, his counsel electronically generated a docket entry, stating that the first meeting of creditors under § 341(a) was to be held on November 12, 2009 and that objections to the debtor's discharge or the dischargeability of a specific debt were due by January 11, 2010. (doc. #3.) Due to a clerical error, a form of notice was not sent to creditors. (*See infra,* at 3; *see also* doc. #3.)

On November 4, 2009, the court generated a docket entry, stating that an "Amended" first meeting of creditors was to be held on December 10, 2009 and that objections to the debtor's discharge or the dischargeability of a specific debt were due by

February 8, 2010. (doc. #15.) A form of notice was generated and sent to creditors. (*See infra,* at 3; *see also* doc. #15.)

On January 13, 2010, Kamco Supply Corp. of New England ("Kamco") filed a second motion to extend time to object to the debtor's discharge under § 727 and the discharge of its debt under § 523 ("Second Motion"). (doc. #31.) The debtor filed an objection to the Second Motion on February 2, 2010. (doc. #42.)

At a February 2, 2010 hearing, the court, *sua sponte*, raised the issue of the timeliness of the Second Motion.[1] The following bankruptcy rules define the applicable time constraints:

> In a chapter 7 liquidation case a complaint objecting to a debtor's discharge . . . shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr. P. 4004(a).

> On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4004(b).

> [A] complaint to determine dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr. P. 4007(c). (*See also* Fed. R. Bankr. P. 9006(b).)

---

[1] In his February 2, 2010 objection and at the February 2, 2010 hearing, the debtor argued that Kamco could not satisfy the "for cause" requirement of Fed. R. Bankr. P. 4004(b) and 4007(c). (*See* doc. #42.) That issue will be considered at a February 16, 2010 hearing.

Kamco argued that its Second Motion was timely because it was filed before the first meeting of creditors *actually* occurred. (doc. #31.) Kamco further argued that its January 13, 2010 Second Motion was timely because it was filed prior to the February 8, 2010 deadline, prescribed on the November 4, 2009 notice to creditors. (doc. #31.)

Kamco's reference to the *actual* date of the first meeting of creditors is unavailing. Rules 4004 and 4007 define the bar date for objections as "60 days after the first date set for the meeting of creditors," not the actual date of the meeting of creditors. Nevertheless, for the reasons that follow, the Second Motion was timely filed.

The timeliness issue turns on which date was the "first date set for the meeting of creditors under § 341," *i.e.*, November 11, 2009, as stated on docket entry #3 or December 10, 2009 ,as stated on docket entry #15. For reasons that are unclear, the § 341 notice was not generated and sent to creditors at the commencement of the case. (*See* doc. #3.) Consequently, on November 4, 2009, when this oversight was discovered, the court generated and sent a § 341 notice, referring to it in the docket text as an "Amended Notice". (doc. #15.) That designation, however, was a misnomer because the November 4, 2009 notice did not amend a notice but, rather, was the first time notice to creditors of the time to object was provided. (doc. #15.) The court, therefore, concludes that December 10, 2009 was the "first date set for the meeting of creditors under § 341." (*See* Fed. R. Bankr. P. 4004 & 4007; doc. #15.) It follows then that since Kamco filed its motion on January 13, 2010, well-before the February 8, 2010 deadline, its Second Motion was timely filed.

## CONCLUSION

For the foregoing reasons, Kamco's Second Motion is timely, and **IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the debtor and Kamco are to appear on **Tuesday, February 16, 2010,** at 10 a.m. at the U.S. Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, Connecticut, for a hearing on the merits of Kamco's Second Motion and debtor's corresponding objection.

**IT IS FURTHER ORDERED** that, in the event the debtor's objection to the Second Motion for cause is sustained, the bar date for filing a complaint under §§ 523 and 727 is extended to February 23, 2010, for the reason that at the February 2, 2010 hearing the court deferred consideration of the debtor's objection for cause. (*See supra,* at 2 n.1; *see also* § 105(a).)

Dated this 5th day of February 2010 at Bridgeport, Connecticut.

Alan H. W. Shiff
United States Bankruptcy Judge